(80 South. 190)

No. 23184.

SAVINGS & HOMESTEAD ASS'N v. FRANK et al.

(Nov. 12, 1918.)

*(Syllabus by Editorial Staff.)*

COURTS $\Longleftrightarrow$224(10) — LOUISIANA SUPREME COURT—APPELLATE JURISDICTION—AMOUNT.

In concursus proceeding by owner of building against contractor and his sureties and the workmen and materialmen, where fund for distribution was only $940, with a reconventional demand by contractor and sureties for more than $2,000, the Supreme Court, under Const. art. 85, had no jurisdiction on appeal, in view of article 95, relating to reconventional demands.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Concursus proceeding by the Savings & Homestead Association, the owner of a building, against August Frank, contractor, the sureties on his bond, and the workmen and materialmen. Judgment in favor of the materialmen, and discharging plaintiff from further liability and canceling claims against the property, with judgment for plaintiff against the contractor and sureties in solido, fixing liability of the sureties, and a surety, the National Surety Company, appeals. Cause transferred to Court of Appeal for the Parish of Orleans.

Grant & Grant, of New Orleans, for appellant.

Henry G. McCall, of New Orleans, for appellee.

O'NIELL, J. The appellee has moved to dismiss this appeal for want of jurisdiction.

The suit is a concursus proceeding, brought by the owner of a building, against the contractor who built it, the sureties on his bonds, and the workmen and materialmen.

The plaintiff deposited with his petition in court $940.00, alleging that it was the balance due under the contract, and praying that it be paid to the defendants and apportioned among them according to their respective rights, and that the plaintiff be discharged from further liability.

The sum of all of the claims asserted by the workmen and materialmen exceeded $2,000: the largest individual claim, however, being less than $2,000. It appears that there were two contracts for the same building. In the first contract the price stipulated was $3,020, and in the second, $4,700. The dif-

ference in price seems to be accounted for by a difference in the amount of material to be furnished by the contractor; but that is a matter of which we express no opinion, because it is of no importance to the question before us, i. e., whether we have jurisdiction of the case.

The contractor, in his answer to the suit, alleged that the balance due him under the contracts was $3,020, and that the sum of $2,248 was being withheld either by one of the sureties on his bond or by the notary public who represented the owner of the building. The contractor therefore prayed, in his answer, that the notary be cited, and that he or the surety be ordered to deposit the $2,248 in court for distribution, and that the plaintiff be ordered to deposit in court the sum of $3,020 for distribution. The notary excepted to being made a party to the suit, and it appears that no judgment was rendered against him.

The surety on the bond given under the first contract pleaded that a discharge resulted from the signing of the second contract. One of the sureties on the bond given under the second contract alleged in his answer that the balance due under the contract was $2,248; that it was being withheld either by the notary public heretofore referred to or by the other surety on the bond; and that it should be deposited in court by either of them for distribution. The other surety on the bond given under the second contract denied liability, asserted a reconventional demand for a sum less than $2,000, and prayed that, if any judgment should be rendered against him, he should have judgment for the same amount against the other surety.

The case was referred to a special commissioner, who heard the evidence and made a report of his findings to the court. Judgment was rendered in favor of each of 19 materialmen and against the contractor and the sureties on his bonds, in solido. The sum of all of the judgments in favor of the materialmen was about $2,800, but each judgment was for an amount less than $2,000. It was decreed that the $940 deposited by the plaintiff should, after payment of the court costs, be apportioned pro rata among the materialmen in part satisfaction of the judgments rendered in their favor; that the plaintiff be discharged from further liability; and that the building contract and all claims recorded against the property be canceled from the mortgage records. The plaintiff was given judgment against the contractor and his sureties, in solido, for $50, attorney's fee; and a fee of $100 was allowed the commissioner and taxed as costs. It was decreed that the liability of one of the sureties against whom the judgments were rendered in favor of the materialmen should be limited to $2,350; that the liability of the other surety should not exceed $1,600; and that they, the sureties, should recover from the contractor whatever they should have to pay in satisfaction of the judgments in favor of the materialmen.

The surety whose liability was limited to $1,600 obtained and perfected this appeal; and it appears that, thereafter, the other surety, whose liability was limited to $2,350, appealed to the Court of Appeal for the Parish of Orleans.

Our opinion is that the question of appellate jurisdiction in this case is governed by the provision in article 85 of the Constitution that the jurisdiction of the Supreme Court shall extend to cases "where the fund to be distributed, whatever may be the amount therein claimed, shall exceed two thousand dollars, exclusive of interest"; and by the corresponding constitutional provision that, if the fund to be distributed does not exceed $2,000, the appeal shall go to the Court of Appeal. The fund to be distributed in this case was only $940. It is true the contractor and his sureties, in their answers to the suit, demanded that a sum exceeding $2,000 should be deposited for distribution; but that was an incidental demand, in the nature of a reconventional demand, as to which

article 95 of the Constitution provides that, in all cases where there is an appeal from a judgment rendered on a reconventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand.

It is contended by the appellant that the decree limiting the liability of one of the sureties (not the appellant here, but the one who appealed to the Court of Appeal) to $2,350 gave appellate jurisdiction of the case to the Supreme Court. But that view of the case is not borne out by the figures; for the sum of all of the judgments rendered in favor of the materialmen was reduced below $2,000 by the payment of the $940 apportioned among them; and the limit of the liability of the sureties on the contractor's bonds was likewise reduced below $2,000. Under any theory of the case, therefore, the Court of Appeal, not the Supreme Court, has jurisdiction. We find nothing in the decision referred to by appellant's counsel, Equitable Real Estate Co. v. National Surety Co., 133 La. 448, 63 South. 104, contrary to our opinion that the Court of Appeal has jurisdiction in this case.

It is ordered that the case be transferred to the Court of Appeal for the Parish of Orleans; that the appellant pay the costs of the present appeal; and that all other costs depend upon the final judgment.